# United States Court of Appeals for the Federal Circuit

05-7156

ANACLETO S. CAYAT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Anacleto S. Cayat, of Poblacion Alilem, Philippines, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Division, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Brian M. Simkin, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Michael T. Osborne, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

05-7156

ANACLETO S. CAYAT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  November 15, 2005
_____

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

Anacleto S. Cayat ("Cayat") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying his claim for service-connected disability.  Cayat v. Nicholson, No. 04-66 (Vet. App. Feb. 18, 2005) ("Decision").  We affirm.

## BACKGROUND

From October 1943 to March 1946, Cayat, as a member of the Philippine Army, served with the U.S. Armed Forces in World War II.  Cayat continued to serve in the Philippine Army from 1947 to June 1966, including service with the Philippine Expeditionary Forces in Korea ("PEFTOK").  In May 2002, Cayat filed a claim for service-connected disability for partial blindness and a right-ear disorder.  Decision, slip op. at 2.  In his application, Cayat alleged that his service-connected disability began in

1953 while he was serving in Korea.  Id.  In September 2002, the Veterans Affairs regional office ("RO") denied Cayat's claim for service connection because the disability was not incurred during his period of "recognized active service" in the U.S. Armed Forces.[1]  Id.

Cayat appealed the RO's decision to the Board.  As an initial matter, the Board determined that the RO complied with the duty-to-assist and duty-to-notify provisions of the Veterans Claims Assistance Act of 2000 ("VCAA").  Id.  The Board also concluded that Cayat's service with the PEFTOK could not be considered active-duty service for purposes of establishing service-connected disability.  Id.  Unable to consider any evidence of disability that Cayat may have suffered in Korea, the Board found that there was no evidence of "complaints of findings indicative of an eye or ear problem" during the term of his "recognized active service" in the U.S. Armed Forces.  Id.  Moreover, the Board found "no competent evidence showing that [Cayat] now has chronic right-ear disability or blindness, or that if such disabilities were shown, they would be related to [the period of recognized] service."  Id., slip op. at 2-3.  In view of these findings, the Board affirmed the RO's decision.

Cayat appealed the Board's decision to the Veterans Court.  The court found dispositive the fact that Cayat only alleged disability suffered while in service with the PEFTOK in 1953.  Id., slip op. at 4.  Citing various statutes and a regulation, the court noted that "[s]ervice in the active military, naval, or air service includes service in the U.S. Armed Forces or, for certain purposes, service in the organized military forces or

---

[1]     The U.S. Army Reserve Personnel Center, now known as the National Personnel Records Center, has certified that Cayat had recognized active service in the U.S. military from October 1943 to March 1946.  Decision, slip op. at 1.

organized guerilla forces of the Government of the Commonwealth of the Philippines in the service of the U.S. Armed Forces." Id. The court deemed Cayat's service in Korea, however, to not be a "service in the active military, naval, or air service" eligible for service connection. Id. Accordingly, the court did not consider Cayat's service in Korea in its review of the Board's decision. Id. In affirming the Board's decision, the court concluded that "the Board's finding that there was no competent medical evidence to warrant an award of service connection for the claimed eye and ear conditions does not leave this Court with a definite and firm conviction that a mistake has been committed, and the Board's decision was thus not clearly erroneous."[2] Id.

Cayat timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

We review a statutory interpretation by the Veterans Court de novo. Andrews v. Principi, 351 F.3d 1134, 1136 (Fed. Cir. 2003). We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. Id. § 7292(d)(2); Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999).

---

[2]     Although the RO was found not to have satisfied the duty-to-notify provision under the VCAA, the Veterans Court concluded that that error was harmless since Cayat could not prove, as a matter of law, under the facts he alleged in his claim, that he was entitled to service connection.

We are statutorily prohibited from reviewing the Board's findings of fact, and thus we will not address the "the Board's finding that there was no competent medical evidence to warrant an award of service connection for the claimed eye and ear conditions." The sole reviewable issue on appeal is whether the Veterans Court committed legal error by refusing to consider any disability that Cayat may have suffered during his service with the PEFTOK.

38 U.S.C. § 101(16) defines "service-connected," with respect to disability, as "disability [] incurred or aggravated . . . in the line of duty in the active military, naval, or air service." Moreover, citing 38 U.S.C. §§ 101(21) and 101(24), the Veterans Court properly identified service in the U.S. Armed Forces as the pertinent "active military, naval, or air service" required by § 101(16).[3] With respect to service in the Philippine Army, we further note that 38 U.S.C. § 107(a)(3) only recognizes such service occurring before July 1, 1946, as "active military, naval, or air service" eligible for determining service-connected disability. Because Cayat's service with the PEFTOK occurred after 1946, it was not service in the U.S. Armed Forces. Thus, the Veterans Court was correct in choosing not to consider any disability that Cayat allegedly suffered in Korea.

## CONCLUSION

Since the Veterans Court did not err in denying Cayat's claim for service-connected disability, the decision of that court is

## AFFIRMED.

---

[3] 38 U.S.C. § 101(21) also identifies duties as a commissioned officer of the Public Health Service and the National Oceanic and Atmospheric Administration (or its predecessor organization, the Coast and Geodetic Survey) to each be "active military, naval, or air service." There is no question, however, that Cayat was not in either one of these services.