NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSA D. DORSEY,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7089

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3279, Judge Robert N. Davis.

---

Decided: October 13, 2010

---

ROSE D. DORSEY, of Kingstree, South Carolina, pro se.

ARMANO A. RODRIGUEZ-FEO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Direc-

tor, and REGINALD T. BLADES, JR, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JONATHAN E. TAYLOR, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, NEWMAN and CLEVENGER, *Circuit Judges*.

PER CURIAM.

Rosa D. Dorsey appeals from the final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") that denied her claim for service connection for overuse syndrome of the right leg. *See Dorsey v. Shinseki*, No. 08-3279 (Vet. App. Feb. 26, 2010). Because Ms. Dorsey's appeal does not raise an issue within the jurisdiction of this court, we dismiss her appeal.

I

The jurisdiction of this court to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." Section 7292(c) vests this court with exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Section 7292(d)(2) mandates

that, except to the extent an appeal from the Veterans Court presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

The relationship between this court and the Veterans Court, in a nutshell, provides that this court is responsible for deciding legal issues that arise during the processing of veterans' claims, while the Veterans Court is charged with deciding, under settled law, the contested issues of fact that arise in those claims. Our narrow window of authority to decide factual issues — when a constitutional issue is presented to this court — is closed in this appeal, because Ms. Dorsey raises no issues of constitutional dimension.

II

Ms. Dorsey served on active duty from August 25, 1981, to November 18, 1981. On several occasions in October 1981, Ms. Dorsey was seen by service medical personnel for complaints of right leg pain after marching. An October 9, 1981 report indicated tenderness of the entire tibia. On October 13, 1981, Ms. Dorsey's service records show moderate right leg pain and edema. An October 19, 1981 report noted tenderness in the anterior medial tibia, medial tibia border and calf, swollen and painful joints, and strain of the right knee. She was granted temporary physical limitations resulting from overuse syndrome of the right lower extremity, and was later discharged from active duty in November of 1981.

Ms. Dorsey filed her initial claim for entitlement to service connection for a right leg disability in February of 1982. The regional office where her claim was filed

denied the claim on the ground that "no pathology has been found, no organic cause for the problem." The Board affirmed the decision of the regional office in July of 1983.

Ms. Dorsey continued thereafter to experience extreme pain in her right leg, and her complaints of pain were documented in visits to veterans' health facilities and to private doctors from 1991 through 2008. She pursued her claim for service connection of her right leg disorder by producing new and material evidence that might sustain her claim to service connection. Based on that evidence, the Board reopened her service connection claim in December 2007, and remanded the case for further development at the regional office.

On January 30, 2008, Dr. Ron Teichman conducted a physical examination of Ms. Dorsey and a review of her entire medical record. He confirmed that Ms. Dorsey indeed suffers from extreme pain in her right leg. Although her medical records reflect knee pain in September of 1981, Dr. Teichman concluded that her leg pain "does not seem to be physiologic in nature. It does not appear to be knee, ankle, hip, or low back–related. It does not appear to be consistent. It is not, by description, the same pain as what she had when she was in service for three months. It is, therefore, my impression that this pain of unclear etiology is not related to her knee strain of September 1981."

Based on Dr. Teichman's examination, the regional office denied Ms. Dorsey's claim for service connection for her right leg pain. Upon review of her case by the Board, it concluded that Dr. Teichman's medical opinion was entitled to high probative value because of its thoroughness, and because it was in accord with previous opinions in the record from a service examination report in October

1992, and medical records from August 2000 and July 2001. The Board concluded that a preponderance of the evidence weighs against a finding that Ms. Dorsey's current chronic right leg disorder is service connected. Therefore, the Board denied service connection for Ms. Dorsey's current condition.

Ms. Dorsey appealed to the Veterans Court. The assessment of medical records to determine if service connection exists presents a fact question which the Veterans Court reviews for clear error. *See Lennox v. Principi*, 353 F.3d. 941, 945-46 (Fed. Cir. 2003). Upon review of the record, the Veterans Court held that it is not "left with the definite and firm conviction that a mistake has been committed," which is the test for clear error. *See, e.g.*, *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). The Veterans Court thus affirmed the decision of the Board denying service connection for Ms. Dorsey's right leg pain.

Ms. Dorsey also argued to the Veterans Court that she had been denied the duty to assist in presentation of her claim. She claimed that medical records from a Dr. McNeil were not in the record. The Veterans Court reviews assertions of failure to assist as a fact question, under the clear error standard of review. *See Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007). With regard to assessment of medical records, the duty to assist reaches records "that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain." 38 U.S.C. § 5103A(b)(1). The Veterans Court noted that it does not appear that Ms. Dorsey ever identified any records of Dr. McNeil, notified the regional office that Dr. McNeil had provided treatment, or asked the regional office to obtain records from that doctor. The record includes authorizations by Ms. Dorsey to obtain other

private medical records, and the Veterans Court concluded that those authorizations indicate that Ms. Dorsey knew the procedure for authorizing the Secretary to obtain private records. Based on the lack of any evidence that Ms. Dorsey had ever pointed the Secretary towards records of Dr. McNeil, the Veterans Court concluded that the facts failed to show a failure of the Secretary to assist Ms. Dorsey.

## III

Ms. Dorsey timely appealed to this court. She challenges the decision of the Veterans Court that the record fails to show service connection for her current right leg condition, and further attempts to show a failure by the Secretary to assist her in obtaining records from Dr. McNeil. In sum, Ms. Dorsey's appeal disputes the factual findings in the record. She does not present any evidence showing that she directed the Secretary to the records of Dr. McNeil, and she argues that the Board and the Veterans Court erred in their assessment of the facts of record. As explained above, this court cannot review a challenge to factual findings or a challenge to the law as applied to the facts of the case. Here there is no argument that the law of service connection was incorrectly stated, and no claim of constitutional dimension is raised. We therefore lack jurisdiction to consider Ms. Dorsey's appeal, which consequently we dismiss.

## COSTS

No costs.

## **DISMISSED**