NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRANDI L. SPAIN,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7161

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1833, Judge William P. Greene Jr.

---

Decided: May 13, 2013

---

BRANDI L. SPAIN, of Fort Worth, Texas, pro se.

MELISSA M. DEVINE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, TODD M. HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General

Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge,* CLEVENGER, and PROST, *Circuit Judges.*

PER CURIAM.

Brandi L. Spain appeals from a memorandum decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") denying her claim for benefits under 38 U.S.C. §§ 1805 and 1815. Because we are without appellate jurisdiction to review the Veterans Court's determinations of fact and its application of law to the facts of Ms. Spain's case—the only issues raised here—we dismiss the appeal.

## BACKGROUND

Ms. Spain is the daughter of Connell Spain, a veteran who served in the U.S. Air Force from April 1970 to February 1975. Between 1973 and 1975, Mr. Spain served for 422 days in Thailand. Ms. Spain's mother, Peggy Spain, is not a veteran and has not served in the U.S. Armed Forces.

Ms. Spain was born in December 1986, and was diagnosed with ulcerative colitis in October 2004. In June 2005, she filed a claim for benefits with the Spina Bifida Processing Center at the Denver Veterans Affairs Regional Office ("RO"), the office designated by the Department of Veterans Affairs ("VA") for handling all such claims. Ms. Spain asserted that her ulcerative colitis was a birth defect, which resulted from her father's exposure to Agent Orange and other chemicals while he was stationed in Vietnam. Upon a thorough review of the evidence and statements submitted by Ms. Spain, as well as the records supplied by various administrative offices, the RO denied

her claim for benefits under 38 U.S.C. §§ 1805 (child of a Vietnam veteran born with spina bifida) and 1815 (child with birth defects born of a mother who is a Vietnam veteran) in February 2006. The RO determined that (1) neither of Ms. Spain's parents served in the Republic of Vietnam, (2) Ms. Spain had not been diagnosed with spina bifida, and (3) ulcerative colitis, the condition Ms. Spain suffers from, is not a qualifying birth defect for purposes of § 1815.

Ms. Spain appealed the RO's determination to the Board, which reached the same conclusions as the RO. The Board found that Ms. Spain failed to meet the legal criteria for the benefits she was seeking, because she could not establish that she suffered from spina bifida or a qualifying birth defect, and the record reflects that neither of her parents served in Vietnam. The Board additionally found that, by requesting and reviewing service records from the National Personnel Records Center, the RO complied with its duty to assist claimants for benefits to obtain evidence to substantiate a claim under 38 U.S.C. § 5103A. Ms. Spain then appealed the Board's April 27, 2011 decision to the Veterans Court, which affirmed the Board's decision that she was ineligible for §§ 1805 and 1815 benefits and denied Ms. Spain's appeal. On August 7, 2012, the Veterans Court entered judgment. Ms. Spain timely appealed to this court.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We review a statutory interpretation by the Veterans Court de novo. *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). Howev-

er, we may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

To the extent we have jurisdiction, we set aside Veterans Court interpretations only when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. 38 U.S.C. § 7292(d)(1).

Giving Ms. Spain's extensive informal briefing the broadest latitude, we identify two issues as constituting Ms. Spain's bases for this appeal: (1) the Veterans Court erroneously interpreted 38 U.S.C. §§ 1805 and 1815 to require service in the Republic of Vietnam because service in Indochina should be sufficient; and (2) the Veterans Court misinterpreted 38 U.S.C. § 5103A by affirming the Board's decision that the VA has fulfilled its duty to assist Ms. Spain in obtaining evidence necessary to substantiate her claim.

With respect to the first issue on appeal, under 38 U.S.C. § 1805, the VA will pay benefits to "any child of a Vietnam veteran for any disability resulting from spina bifida suffered by such child." Under 38 U.S.C. § 1815, a child may receive benefits if its biological mother is a Vietnam veteran and the child suffers from "any disability resulting from [one of several listed] birth defects." For both sections, the term "Vietnam veteran" is defined to be "an individual who performed active military, naval, or air service in the Republic of Vietnam during the Vietnam era, without regard to the characterization of that individual's service." 38 U.S.C. § 1831(2).

Applying the established law to the facts of Ms. Spain's case, the Veterans Court found Ms. Spain to be ineligible for benefits because she was not a child of a

"Vietnam veteran," and her veteran father's time spent in Thailand does not constitute service in the "Republic of Vietnam." Although Ms. Spain has attempted to create an issue of statutory interpretation here, the challenged findings by the Veterans Court are factual in nature and do not involve the interpretation of statutes. As such, Ms. Spain has failed to raise an issue reviewable by this court.

With respect to the second issue on appeal, 38 U.S.C. § 5103A(a)(1) requires the VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit . . . ." However, 38 U.S.C. § 5103A(a)(2) provides that such assistance "is not required . . . if no reasonable possibility exists that [it] would aid in substantiating the claim." Applying these provisions to the facts of this case, the Veterans Court found that the VA satisfied its duty to assist Ms. Spain when it submitted requests for information with the relevant records centers to review Ms. Spain's veteran father's files and found that they contained no evidence of any service in Vietnam. Here, because Ms. Spain challenges the Veterans Court's application of law to the facts of her case and not its interpretation of 38 U.S.C. § 5103A, we are again without appellate jurisdiction to consider the issue.

Accordingly, because we may not review these types of challenges, we dismiss Ms. Spain's appeal for lack of appellate jurisdiction.

## DISMISSED

### COSTS

Each party shall bear its own costs.