NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HELEN J. TURNER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7074

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3745, Judge Coral Wong Pietsch.

---

Decided: September 12, 2013

---

HELEN J. TURNER, of Tallahassee, Florida, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, and SAVANNAH H. CONNALLY, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge,* DYK, and TARANTO, *Circuit Judges.*

Per Curiam.

Helen J. Turner appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision by the Board of Veterans Appeals ("Board") denying her son Omar Turner entitlement to benefits. The Veterans Court correctly determined that the statute authorizes benefits for children with birth defects who are born to female Vietnam veterans. *See* 38 U.S.C. § 1815. However, because the appellant does not contend that she is a Vietnam veteran, her son is not eligible for benefits under the statute. Therefore, we *affirm*.

BACKGROUND

Appellant Helen J. Turner's son, Omar Turner, suffers from ailments including infantile autism, juvenile arthritis, and lupus. Omar Turner's father is a Vietnam veteran who served on active duty from December 1971 to December 1973. *See* 38 U.S.C. § 1831(2) (defining "Vietnam veteran"); *see also* 38 C.F.R. § 3.815(c). Ms. Turner states that she is not a veteran, and has never been to Vietnam.

In December of 2007, Ms. Turner filed a claim with the Department of Veterans Affairs ("VA") on her son's behalf. She alleged, inter alia, that her son's medical problems were due to his father's exposure to Agent Orange in Vietnam. She sought entitlement to benefits under 38 U.S.C. § 1805, which authorizes benefits payable to "any child of a Vietnam veteran for any disability

resulting from spina bifida suffered by such child," and 38 U.S.C. § 1815, which authorizes benefits payable to "the child of a woman Vietnam veteran," *see id.* § 1811, for "any disability resulting from . . . covered birth defects," *see id.* § 1815. Pursuant to 38 U.S.C. § 1812(a), § 1815 covers, with certain limitations not at issue here, those birth defects identified by the Secretary as

> birth defects of children of women Vietnam veterans that
>
>> (1) are associated with the service of those veterans in the Republic of Vietnam during the Vietnam era; and
>>
>> (2) result in permanent physical or mental disability.

*See id* § 1812(a); *see also* § 1812 (b) (stating limitations).

The VA regional office denied Ms. Turner's claim. Ms. Turner filed a Notice of Disagreement, and the regional office confirmed its denial. In December of 2009, Ms. Turner appealed to the Board.

In November of 2011, the Board denied Ms. Turner's claim. The Board denied entitlement under § 1805 because it was undisputed that Omar Turner did not have spina bifida. The Board denied entitlement under § 1815 because Ms. Turner was not a Vietnam veteran. Although Omar Turner's father was a Vietnam veteran, the Board concluded that "there is no legal basis upon which to award benefits [for disabilities other than spina bifida] due to [the father's] exposure to Agent Orange in Vietnam." J.A. 17.

Ms. Turner appealed to the Veterans Court, which held that she had abandoned her claim for benefits for spina bifida under § 1805 by failing to pursue it on appeal. *See Helen J. Turner v. Eric K. Shinseki, Sec'y of Veterans Affair*s, No. 11-3745, 2013 WL 344532, at *3 n.2

(Vet. App. Jan. 30, 2013). With respect to her claim under § 1815, the Veterans Court held that the Board had correctly interpreted the pertinent statutory and regulatory provisions, and that there was no legal basis for entitlement. *Id.* at \*3.

Ms. Turner timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

On appeal, Ms. Turner argues that, contrary to the Veterans Court's holding, the statute authorizes the payment of benefits to her son. We review statutory interpretations by the Veterans Court de novo. *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005).

Ms. Turner first contends that the Veterans Court erred in interpreting the Veterans Benefits and Health Care Improvement Act of 2000, which created § 1815. *See* Pub. L. No. 106-419, 114 Stat. 1857–1859 (2000), *codified as amended at* 38 U.S.C. § 1811–1816. Ms. Turner argues that the statute authorizes benefits for the children of female *and male* Vietnam veterans. However, her argument is foreclosed by the plain language of the statute, in which the relevant subchapter is titled, "Children of *Women Vietnam Veterans* Born With Certain Birth Defects." *See id.*, 114 Stat. 1857 (emphasis added). Furthermore, the statute defines an "eligible child" as an "individual who . . . is the child . . . of a *woman Vietnam veteran* [and] was born with one or more covered birth defects," 38 U.S.C. § 1811 (emphasis added). "Covered birth defects" are defined as certain "birth defects of children of *women Vietnam veterans*," 38 U.S.C. § 1812 (emphasis added). Thus, it is clear that Congress intended to authorize benefits for the children of female, not male, Vietnam veterans. We conclude that the Veterans Court correctly construed the statute to authorize benefits only for the children of female Vietnam veterans.

Next, Ms. Turner argues that the VA was bound to award benefits to children of male Vietnam veterans because the VA had published benefits guidelines stating that the children of male Vietnam veterans were eligible for birth defect related benefits. However, even if the publication were somehow pertinent, it would not support her argument. The 2007 VA publication Ms. Turner mentions appears to be VA Pamphlet 80-07-01, *Federal Benefits for Veterans and Dependents* (2007), which correctly states that children of male or female Vietnam veterans may receive benefits for spina bifida, while children of female Vietnam veterans can receive benefits for other covered birth defects. *See id.* at 89–91. The 2010 version of the publication is not materially different. *See* VA Pamphlet 80-10-01, *Federal Benefits for Veterans: Dependents & Survivors* 92, 101 (2010).

Finally, Ms. Turner argues that there is a "basis in VA Law for payment involving disabilities other than [the basis provided by] Public Law 106-419." Appellant's Br. 2. However, Ms. Turner does not identify any other statute authorizing the award of benefits to the child of a male Vietnam veteran on the basis of birth defects other than spina bifida. As discussed above, the provision authorizing the VA to pay benefits to children with spina bifida is inapplicable here because the Board found that Omar Turner does not have spina bifida, and Ms. Turner has not challenged that finding. Ms. Turner has not identified any other statutory provision that might authorize the VA to pay benefits for her son.

We conclude that the Veterans Court correctly held that the statute does not authorize the VA to award benefits to the children of male Vietnam veterans on the basis of birth defects other than spina bifida. We have considered Ms. Turner's other arguments, and find them without merit.

**AFFIRMED**

COSTS

No costs.