NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FLORA S. LEYGA,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2012-7166

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-3290, Judge Donald L. Ivers.

---

Decided:  November 6, 2013

---

FLORA S. LEYGA, of San Juan, Cainta Rizal, Philippines, pro se.

DAVID S. SILVERBRAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTINA L. GREGG,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Flora S. Leyga appeals from a memorandum decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which affirmed a decision of the Board of Veterans' Appeals ("BVA") denying her claims for service-connected death benefits, accrued benefits, and a non-service connected death pension for her deceased husband. *Leyga v. Shinseki*, No. 10-3290 (Vet. App. Oct. 25, 2011). Because this appeal involves only findings of fact and the application of settled law to these facts, we are without appellate jurisdiction and we accordingly *dismiss*.

Manuel O. Leyga—Ms. Leyga's deceased husband—served in the Philippine Army and recognized guerilla service. Mr. Leyga's service records on file at the National Personnel Records Center detail his military service as follows: "Missing status from August 1, 1942, to October 15, 1942, and from December 3, 1944, to January 8, 1945; recognized guerilla service from January 9, 1945, to July 10, 1945; and Regular Philippine Army service from July 11, 1945, to February 16, 1946." *Id.* Mr. Leyga died of bronchogenic carcinoma in 1975. *Id.*

In 2007, Mr. Leyga's widow filed claims for (1) service-connected death benefits; (2) accrued benefits; and (3) non-service-connected death pension benefits. In support of her claims, Ms. Leyga indicated that her deceased husband had been a prisoner of war ("POW") between 1942 and 1943. *Id.* The Veterans Administration ("VA"), after reviewing Mr. Leyga's service records, determined that he had not been a POW, and subsequently denied his

widow's claims.  *Id.*  The BVA on appeal affirmed the VA's decision and denied Ms. Leyga's subsequent request for reconsideration.  On appeal from the BVA, the Veterans Court found that (1) Ms. Leyga was not entitled to service-connected death benefits because the evidence did not support her claim that Mr. Leyga had been a POW, and even if Mr. Leyga had been a POW, bronchogenic carcinoma is not presumptively service-connected for POWs; (2) Ms. Leyga was not entitled to accrued benefits because her application was untimely under 38 U.S.C. § 5121(c); and (3) Ms. Leyga was not entitled to a non-service-connected death pension because Mr. Leyga did not have qualifying service under 38 U.S.C. § 107(a). Ms. Leyga appeals the decision of the Veterans Court.

This Court's review of Veterans Court decisions is strictly limited by statute.  Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  We review a statutory interpretation by the Veterans Court de novo. *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005).  However, we may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue.  38 U.S.C. § 7292(d)(2).

Ms. Leyga contests the Veterans Court's finding that her husband had never been a POW.  Brief for Appellant at 1.  Contrary to Ms. Leyga's assertion, however, this finding did not involve the validity or interpretation of a statute or regulation, but instead reflected the Veterans Court's weighing of the evidence.  Applying the law to the facts, the Veterans Court additionally found that even if Mr. Leyga had been a POW, bronchogenic carcinoma is not a disease for which a presumptive service connection for former POWs is established under 38 C.F.R. § 3.309(c). Ms. Leyga does not challenge the Veterans Court's inter-

pretation of 38 C.F.R. § 3.309(c), but only its application to the facts of her case. We may not review these types of challenges. 38 U.S.C. § 7292(d)(2).

Ms. Leyga also asserts that her constitutional rights were violated. Brief for Appellant at 1. According to Ms. Leyga, affidavits produced by the Armed Forces of the Philippines support her claim that her husband had been a POW and are binding on the United States government. *Id.* Ms. Leyga's contention is once again aimed at the Veterans Court's weighing of the evidence regarding her husband's POW status and fails to present a genuine constitutional issue.

Although Ms. Leyga does not explicitly contest the remaining issues decided by the Veterans Court on appeal, we note that these issues are also not within our appellate jurisdiction. First, the Veterans Court determined that Ms. Leyga was not entitled to accrued benefits under 38 U.S.C. § 5121(c) because her application was untimely. The Veterans Court explained that 38 U.S.C. § 5121(c) requires that claims be filed within one year of a veteran's death, and found that Ms. Leyga filed her claim 32 years after her husband's death. *Id.* Applying the law to the facts, the Veterans Court thus affirmed the BVA's denial of accrued benefits. *Id.* We have no jurisdiction to review the Veterans Court's application of law to the facts here. 38 U.S.C. § 7292(d)(2).

Second, the Veterans Court determined that Ms. Leyga was not entitled to a non-service-connected death pension because Mr. Leyga did not have qualifying U.S. military service under 38 U.S.C. § 107(a). The Veterans Court once again applied the law to the facts and found that under 38 U.S.C. § 107(a), Mr. Leyga's service in the Philippine Army and guerilla service did not qualify as active military service for the purpose of collecting non-service-connected benefits. *Id.* Again, we have no juris-

diction to review the Veterans Court's application of law to the facts of this case. 38 U.S.C. § 7292(d)(2).

Because Ms. Leyga's appeal implicates only findings of fact and the application of law to facts and raises no constitutional issue, we are without appellate jurisdiction and we accordingly dismiss.

**DISMISSED**

COST

Each side shall bear its own costs.