NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES A. THOMPSON,**

*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-1563

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4510, Judge William A. Moorman.

---

Decided: May 8, 2017

---

JAMES A. THOMPSON, Mayodan, NC, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges.*

PER CURIAM.

James Thompson appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied Thompson's claims for service-connected benefits. *Thompson v. McDonald,* No. 15-4510, 2016 WL 7321798, at *2–3 (Vet. App. Dec. 16, 2016). For the reasons below, we *dismiss* Thompson's appeal for lack of jurisdiction.

## BACKGROUND

Thompson served on active duty in the United States Air Force from June 1975 to June 1979. He was treated for back pain in April 1977 and right knee pain in May 1977.

Thompson filed claims for entitlement to service connection for low back, left, and right knee disabilities in June 2005. A VA regional office ("RO") denied Thompson's claims, and Thompson failed to appeal this decision.

In July 2010, Thompson requested that the RO reopen his previously denied claims, but the RO determined that Thompson had not submitted new or material evidence sufficient to support his request. Thompson appealed this decision and submitted medical evidence and Social Security records in support of his claims for service connection. In light of this evidence, which the RO found to be new and material, the RO reopened Thompson's claims but then denied the claims on the merits.

Thompson appealed the RO's decision to the Board. Thompson supported this appeal with two new statements from Thompson's physicians; both declared that

Thompson's medical conditions dated back to his military service.

The Board reopened Thompson's claims for entitlement to service connection for his disabilities based on this evidence but denied all three claims. The Board did not dispute that Thompson sustained in-service injuries to his back and right knee. J.A. 11–12; J.A. 14. The Board also noted Thompson's lay statements that military service contributed to his back and knee injuries. J.A. 11; J.A. 14–15. But the Board found that Thompson had made several statements to private physicians that did not attribute his conditions to an in-service accident. J.A. 12–13. Based on the evidence of record, the Board concluded that the probative value of the statements Thompson made to his physicians while seeking medical treatment outweighed the value of his lay statements crediting the onset of his back and knee injuries to his service. J.A. 12.

Thompson appealed to the Veterans Court, requesting reconsideration of the denial of his service connection claims. The Veterans Court affirmed the Board's decision, concluding that Thompson's argument "amounts to a mere disagreement with how the Board weighed the evidence of record . . . ." *Thompson*, No. 15-4510, 2016 WL 7321798, at *2 (Vet. App. Dec. 16, 2016). The Veterans Court found that Thompson had failed to sufficiently allege error in the Board's decision. *Id.* Thompson timely appealed that decision to this court.

## DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We have exclusive jurisdiction "to

review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We conclude that we do not have jurisdiction over this appeal under § 7292(d)(2). Thompson's only assertion on appeal is that the Board denied his claims improperly because Thompson failed to inform his civilian doctors of the origin of his injuries, even though Thompson alleges that his military record shows that his injuries resulted from active duty. Appellant Br. at 1. Thompson's assertion amounts to a request that we reconsider the factual credibility determinations made by the Board, but we do not possess jurisdiction to review factual issues. *Kays v. Snyder*, 846 F.3d 1208, 1212 (Fed. Cir. 2017) (noting that the Board's credibility findings are "quintessential factual determinations").

In his informal brief, Thompson claims that the Veterans' Court decision involved the validity or interpretation of a statute or regulation. Appellant Br. at 1. But Thompson fails to show where the Veterans Court interpreted or questioned the validity of any statute or regulation cited in its decision, nor do we find any such interpretation upon careful review. The Veterans Court merely applied the law to the particular facts of this case, and we do not possess jurisdiction to review this application.

After filing his informal brief, Thompson filed a supplemental brief with this court including a copy of a medical record that Thompson alleges is new evidence supporting his claims. Appellant Supp. Br. 1–4. We lack

jurisdiction to determine whether this medical record constitutes sufficient new and material evidence; Thompson may seek relief by submitting this evidence to the RO for examination. *See* 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a).

We conclude that Thompson challenges only factual findings and the application of facts to law, matters over which we lack jurisdiction. We therefore must *dismiss* Thompson's appeal.

### DISMISSED

Costs

No costs.