NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCELA L. MELO,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1333

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-839, Judge Joseph L. Toth.

---

Decided: August 8, 2018

---

MARCELA L. MELO, San Gabriel, La Union, Philippines, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER; MEGHAN ALPHONSO, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* TARANTO and CHEN, *Circuit Judges.*

PER CURIAM.

This appeal involves a request by Marcela L. Melo, the widow of Dominador C. Melo, a World War II veteran, to reopen certain claims for benefits that had been denied in earlier proceedings. The Board of Veterans' Appeals denied the new request, concluding that the standard for reopening was not met, and the Court of Appeals for Veterans Claims (Veterans Court) affirmed. In this appeal, Mrs. Melo identifies no legal error in the Veterans Court's decision. She challenges only the application of the correct legal standards to the facts. We lack jurisdiction to review those challenges. We must therefore dismiss the appeal for lack of jurisdiction.

I

Mr. Melo served as a recognized guerilla in the Philippines between 1942 and 1945. A few years before his death in 2004, the relevant Regional Office of the Department of Veterans Affairs awarded him a 30% disability rating for a service-connected gunshot wound to his right arm, but the Regional Office denied compensation for post-traumatic stress disorder, ischemic heart disease, and other conditions and also denied a determination of total disability based on individual unemployability (TDIU). He appealed the denials to the Board, but while his appeal was pending, he died from cardiovascular disease and ischemic stroke. Mrs. Melo continued with the appeal. The Board eventually awarded a 40% compensation rating for the gunshot wound but otherwise denied the claims.

In 2005, Mrs. Melo separately filed for dependency and indemnity compensation under 38 U.S.C. § 1310,

arguing that Mr. Melo's death was caused by a service-connected disability. The Board denied that claim in 2007 after concluding that only the right-arm gunshot wound was service connected and that wound did not contribute to Mr. Melo's death. The Veterans Court affirmed the denial in 2009.

Mrs. Melo also sought dependency and indemnity compensation under 38 U.S.C. § 1318. That provision allows a veteran's death to be treated as service connected if certain criteria are met—*e.g.*, if the veteran had a total disability rating for 10 years before death or for just 1 year before death if the veteran was a prisoner of war. The Regional Office denied the claim in 2005, and Mrs. Melo did not appeal.

In 2011, Mrs. Melo sought to reopen the service-connection claims for her husband's cause of death and the dependency and indemnity compensation claim she filed under § 1318. The Regional Office declined to reopen the claims, concluding that Mrs. Melo had not submitted new and material evidence. The Board affirmed that decision in 2016, similarly concluding that Mrs. Melo did not submit any new and material evidence. On October 3, 2017, the Veterans Court affirmed the Board's decision, concluding that the Board committed no clear error in its determination that Mrs. Melo did not submit any new and material evidence. Mrs. Melo appeals from the Veterans Court's decision.

## II

The only congressional grant of jurisdiction to this court that is relevant here, 38 U.S.C. § 7292, narrowly confines our jurisdiction. We have jurisdiction to "review [] the decision with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." *Id.* § 7292(a). We

do not have jurisdiction to "review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue." *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005) (citing 38 U.S.C. § 7292(d)(2)).

In this case, Mrs. Melo does not identify any aspect of the Veterans Court's opinion that raises a substantial question about the validity or interpretation of a statute or regulation. Likewise, she does not identify any arguable violation of her constitutional rights. Mrs. Melo's sole argument appears to be that the Veterans Court should have found a clear and unmistakable error in the Regional Office's decision on her claims for compensation, requiring the reopening of the claims.

It is unclear whether Mrs. Melo made an argument asserting clear and unmistakable error—as opposed to new and material evidence—before the Board or the Veterans Court. But it is clear that Mrs. Melo makes no argument in this court that the Veterans Court incorrectly interpreted the clear and unmistakable error regulation, 38 C.F.R. § 3.105(a), or the regulation relating to the submission of new and material evidence, 38 C.F.R. § 3.156(a). Rather, Mrs. Melo simply restates her factual challenges to case-specific determinations—notably, determinations that her husband was not a prisoner of war in the Philippines and that his post-traumatic stress disorder was not service connected. But under 38 U.S.C. § 7292, we lack jurisdiction to review those determinations. *Kernea v. Shinseki*, 724 F.3d 1374, 1382 (Fed. Cir. 2013) (concluding that we lack jurisdiction to review whether the appellant raised a clear and unmistakable error claim because it would "require us to review and interpret the contents of her claim"); *Yates v. West*, 213 F.3d 1372, 1375 (Fed. Cir. 2000) ("Whether the [Regional Office's] failure to consider the Army regulations would constitute clear and unmistakable error as defined above is fact-based and hence beyond our jurisdiction.").

In her Reply Brief, Mrs. Melo relies on (and attaches) a document that she appears to assert is new and material evidence. It is unclear whether Mrs. Melo submitted this document to the Regional Office when she initially petitioned to have her claim reopened; and she does not appear to argue that the Regional Office, Board, or Veterans Court failed to consider the document. Regardless, we lack jurisdiction to evaluate whether this evidence is new and material to her claim, an issue that is "either a factual determination [] or the application of law to the facts of a particular case [] and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996); *see Thompson v. Shulkin*, 686 F. App'x 912, 914 (Fed. Cir. 2017) ("We lack jurisdiction to determine whether this [newly submitted evidence] constitutes sufficient new and material evidence").

## III

Because Mrs. Melo has not identified any legal error committed by the Veterans Court and we lack jurisdiction to evaluate her factual challenges, we dismiss the appeal.

No costs.

**DISMISSED**