NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY JEAN PHILIPPEAUX,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1774

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-720, Judge Coral Wong Pietsch.

---

Decided:  September 7, 2021

---

EDDY JEAN PHILIPPEAUX, Miami, FL, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges*.

PER CURIAM.

Eddy Jean Philippeaux appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus in *Philippeaux v. McDonough*, Case No. 21-720 (Vet. App. Feb. 23, 2021). We *affirm*.

## I.    BACKGROUND

Mr. Philippeaux served on active duty in the United States Navy from 1972 to 1980. In 1977, while stationed aboard the U.S.C. McCandless, Mr. Philippeaux hit his head and suffered a minor laceration. He received two sutures and returned to duty. Three years later he was honorably discharged from the Navy.

In 2009, Mr. Philippeaux filed a claim for disability compensation for traumatic brain injury ("TBI") which he alleges he suffered when he hit his head in 1977. That claim has a lengthy procedural history, only a portion of which is relevant to this appeal. On March 16, 2018, the Board of Veterans' Appeals ("Board") denied Mr. Philippeaux's claim of entitlement to service connection for TBI and TBI residuals, including hyperthyroidism. Mr. Philippeaux appealed that denial to the Veterans Court.

In 2019, the Veterans Court remanded Mr. Philippeaux's claim to the Board because the Board failed to address evidence favorable to Mr. Philippeaux in its analysis. Mr. Philippeaux appealed that remand order to this court. We dismissed because the remand order was not an appealable final decision. *Philippeaux v. Wilkie*, 814 F. App'x 603, 604 (Fed. Cir. 2020).

On remand, Mr. Philippeaux asked the Board to vacate its March 16, 2018 decision because it had failed to adjudicate a claim for hyperthyroidism. The Board denied his

motion, explaining that the hyperthyroidism claim was not before it at the time of the March 16, 2018 decision.

On February 1, 2021, Mr. Philippeaux filed a petition for a writ of mandamus in the Veterans Court. He argued that the Board wrongly denied his motion to vacate and that the Department of Veterans Affairs ("VA") had unreasonably delayed implementation of the Veterans Court's August 26, 2019 remand order.

The Veterans Court denied the petition. As to Mr. Philippeaux's first argument, the Veterans Court found that mandamus was inappropriate because any challenge to the March 16, 2018 board decision, including challenges that the Board failed to adjudicate a hyperthyroidism claim, could be resolved through the regular appeals process. As to Mr. Philippeaux's second argument, the Veterans Court found that Mr. Philippeaux had "failed to show that VA has unreasonably delayed implementing [the Veterans Court's] decision" and that any delay "was partially due to Mr. Philippeaux appealing that matter to the Federal Circuit and not the fault of VA." S. App. 4–5.[1]

Mr. Philippeaux timely appealed.

## II. DISCUSSION

This court has limited subject matter jurisdiction over appeals from the Veterans Court. 38 U.S.C. § 7292. We have jurisdiction to review "the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." *Id.* at § 7292(a). We do not have jurisdiction to "review findings of fact or application of law to

---

[1]    All S. App. citations refer to the Supplemental Appendix filed by the United States in this appeal, Dkt. No. 22.

the facts, except to the extent that an appeal presents a constitutional issue." *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005) (citing 38 U.S.C. § 7292(d)(2)). Within those constraints, we have jurisdiction to review the Veterans Court's rulings on mandamus petitions. *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002). We review a denial of mandamus for abuse of discretion. *Id.* at 1384.

Mr. Philippeaux devotes much of his briefs to arguments concerning the merits of his underlying disability claim. But the merits of his claim were not at issue before the Veterans Court in the decision on appeal here and therefore are not properly before this court. Even if the Veterans Court had determined the merits of Mr. Philippeaux's claim, we would not have jurisdiction to review the Veterans Court's factual findings under 38 U.S.C. § 7292.

In reviewing the Veterans Court's denial of mandamus, we may only ask "whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). To prevail on his request for the extraordinary writ of mandamus, Mr. Philippeaux was required to show that (1) he has a clear and indisputable legal right to the writ, (2) he has no other adequate avenue of obtaining relief, and (3) the writ is warranted under the circumstances. *See Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380–81 (2004).

The Veterans Court denied Mr. Philippeaux's request because he did not show that he had no other adequate avenue of obtaining his requested relief. We find that the Veterans Court's finding that an adequate alternate avenue of relief exists is neither legally incorrect nor an abuse of discretion. Should Mr. Philippeaux be unsatisfied with the Board's determination on his claim, including any failure to address his claim of hyperthyroidism, he may appeal the Board's determination in the normal course. Moreover,

in its remand order, the Veterans Court instructed the Board to "consider any such relevant evidence and argument" that Mr. Philippeaux introduces as to the remanded matters.    S. App. 12.    Thus, to the extent that Mr. Philippeaux has not previously raised his hyperthyroidism claim, he may do so on remand.  And he may appeal any Board determination on that claim in the normal course, rendering mandamus improper.  Mandamus is an extraordinary remedy that should "not be used as a substitute for the regular appeals process."  *Cheney*, 542 U.S. at 380–81.

Mr. Philippeaux also requested mandamus to rectify the Board's allegedly unreasonable delay in processing his claim on remand.[2]  The Veterans Court found that Mr. Philippeaux had "failed to show that VA has unreasonably delayed implementing" the Veteran's Court's August 26, 2019 remand order.  Indeed, the Veterans Court found that any delay in implementing the remand order "was partially due to Mr. Philippeaux appealing the matter to the Federal Circuit and not the fault of VA."  S. App. 4.  We find no error in the Veterans Court's holding.  The Board must treat Mr. Philippeaux's claims expeditiously on remand. *See* 38 U.S.C. § 7112.  It does not appear that the Board has failed to do so.

The Board had just a few months to adjudicate Mr. Philippeaux's claim after remand.  Its failure to complete that process within that short time frame is not unreasonable under the circumstances of this case.  The Veterans Court issued its remand order on August 26, 2019.  On January 10, 2020, Mr. Philippeaux filed a notice of appeal from

---

[2]    Mr. Philippeaux argues only that the Board has not promptly considered the issue on remand.  We cabin our analysis to that narrow question.  We do not address whether the VA has unreasonably delayed the disposition of Mr. Philippeaux's claim at any other point since he originally filed the claim over a decade ago.

that remand decision before this court.  On August 4, 2020, we dismissed that appeal.  *Philippeaux*, 814 F. App'x 603. After that appeal, the Veterans Court issued its mandate on October 6, 2020, releasing jurisdiction back to the Board.  Less than four months later, on February 1, 2021, Mr. Philippeaux filed his petition seeking a writ of mandamus.  Thus, it appears that the Board had slightly more than four months (between August 26, 2019 and January 10, 2020) and a second instance of just under four months (October 6, 2020 to February 1, 2021) in which to adjudicate Mr. Philippeaux's claim.  Contrary to Mr. Philippeaux's argument, the Board did not have jurisdiction to proceed with his claim while the case was before the Veterans Court or this court on appeal.  *See Graves v. Principi*, 294 F.3d 1350, 1352 (Fed. Cir. 2002).  Under these circumstances, we find no legal error or abuse of discretion in the Veterans Court's finding that Mr. Philippeaux "failed to show that VA has unreasonably delaying implementing" the remand order.  S. App. 5.

### III.    CONCLUSION

We have considered Mr. Philippeaux's remaining arguments and conclude that they are without merit.  For the reasons discussed above, we *affirm* the Veterans Court.

### **AFFIRMED**

COSTS

No costs.