NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRED PRIDE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1212

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5729, Judge Joseph L. Toth.

---

Decided:  September 20, 2021

---

FRED PRIDE, Huntsville, AL, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and HUGHES, *Circuit Judges*.

PER CURIAM.

Fred Pride appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his request to reopen a 1987 service connection claim for schizophrenia. *See Pride v. Wilkie*, No. 19-5729 (Vet. App. Sept. 29, 2020). Because we do not have jurisdiction to assess whether Mr. Pride's evidence of service connection was "new and material" and the Veterans Court properly found it lacked jurisdiction to consider a clear and unmistakable error ("CUE") claim that had never been filed, we *dismiss in part* and *affirm in part*.

## I. BACKGROUND

Mr. Pride served in the United States Marine Corps from 1966 to 1969, including a period of combat duty in Vietnam. In 1984, he was hospitalized and diagnosed with schizophrenia. Mr. Pride then filed a claim for service connection for schizophrenia, which the VA Regional Office ("RO") denied in 1987 on grounds that there was no evidence of a service connection to his schizophrenia. Mr. Pride did not immediately appeal.

Two decades later, Mr. Pride was diagnosed with posttraumatic stress disorder (PTSD). Mr. Pride filed a claim for service connection for PTSD, which the VA RO in Montgomery, Alabama granted in October 2009, awarding a 30% disability rating. Upon receiving this 30% rating, Mr. Pride filed a claim with the Nashville, Tennessee VA RO requesting a PTSD disability rating of 100% and a total disability due to individual unemployability ("TDIU") award. The Nashville, Tennessee VA RO denied both claims in January 2010. Mr. Pride appealed the Nashville, Tennessee VA RO's decision to the Board of Veterans' Appeals ("Board").

The Board consolidated the Montgomery and Nashville VA RO decisions. The Board denied Mr. Pride's request to increase his PTSD disability rating to 100 percent, as well as his TDIU claim. Mr. Pride appealed the Board's decisions to the Veterans Court. In February 2017, the Veterans Court vacated and remanded these determinations, finding the reasons and bases for their decisions "inadequate"; both currently remain in remand status.

In 2017, Mr. Pride initiated another Board proceeding to challenge the Nashville VA RO's decision. This time, Mr. Pride sought to reopen his schizophrenia service connection claim that the VA denied in 1987. In 2019, the Board denied this request, finding that the VA's 1987 decision was final and that Mr. Pride had not identified any new and material evidence relating to an alleged service connection to his schizophrenia diagnosis.

Mr. Pride appealed to the Veterans Court. At this point, he argued not only that the VA's 1987 decision should be reopened, but that the 1984 diagnosis was incomplete or in error because it failed to recognize that he suffered, at least in part, from PTSD. The court affirmed the Board's decision not to reopen Mr. Pride's 1987 schizophrenia claim. The court first found no clear error in the Board's conclusion that Mr. Pride had presented no "new and material evidence" relevant to this claim. The court also noted that, to the extent Mr. Pride was suggesting that he was misdiagnosed in 1984, it lacked jurisdiction over that assertion because Mr. Pride had not properly raised it to the Board in the form of a CUE claim.

Mr. Pride timely appeals.

## II. DISCUSSION

We may review the validity of a decision of the Veterans Court "on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by

the Court in making the decision." 38 U.S.C. § 7292(a). We review the Veterans Court's legal determinations de novo. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). We may not review a challenge to a factual determination or to a law or regulation as applied to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2); *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005).

If a veteran fails to appeal a VA RO decision concerning a claim for benefits, the decision becomes final. 38 U.S.C. § 7105(c). Relevant to this appeal, there are two statutory exceptions to this finality rule. First, before Congress passed statutory amendments in 2019, a veteran could re-open a claim by submitting "new and material evidence" under former 38 U.S.C. § 5108. *See Kisor v. McDonough*, 995 F.3d 1316, 1322 (Fed. Cir. 2021) (citations omitted). Second, a final decision may also be revised based on CUE. *See id.*; *see also* 38 U.S.C. §§ 5109A, 7111.

As discussed below, we do not reach the issue of whether to reopen Mr. Pride's 1987 schizophrenia service connection claim for two reasons. First, as to his new and material evidence claim, we have no jurisdiction to disturb the Veterans Court's order affirming the Board's factual determination under § 5108. And, as to his apparent misdiagnosis claim, we find that the Veterans Court correctly dismissed any such claim because Mr. Pride failed to challenge his 1984 schizophrenia diagnosis on the basis of CUE before the Board.

A. Mr. Pride's schizophrenia service connection claim

We have previously vacated Veterans Court decisions that improperly interpreted the statutory term "new and material evidence." We would clearly have the jurisdiction to do the same in this case if the same type of error were asserted.

But that is not what Mr. Pride claims. Rather than interpret the statutory term "new and material evidence," the Veterans Court reviewed the Board's conclusion that Mr. Pride's reiteration of his mental illness (including his current PTSD diagnosis) did not qualify as new and material evidence of a service connection for schizophrenia. *See Pride*, No. 19-5729 at *1–2. As this determination involves an application of the statutory term "new and material evidence" to the facts presented by Mr. Pride, we lack jurisdiction to review it. 38 U.S.C. § 7292(d)(2). While we routinely try to construe the law liberally for veterans pursuing service-connected claims, we cannot relieve Mr. Pride of his statutorily-imposed jurisdictional burden. *See Barnett v. Brown*, 83 F.3d 1380, 1383–84 (Fed. Cir. 1996) (holding that whether specific evidence presented by a veteran is "new and material" involves either a factual determination or an application of law to facts). Because we lack jurisdiction over this issue, we must dismiss it.[1]

## B. Mr. Pride's CUE claim

We also must affirm the Veterans Court's finding that it had no jurisdiction over Mr. Pride's CUE claim. Mr. Pride's appellate brief suggests that, if he had been misdiagnosed with schizophrenia in 1984, he would be entitled to an earlier effective date and a higher disability rating for PTSD. *See* Appellant's Br. at 18–19. This is not a viable argument. Mr. Pride never actually filed a CUE claim before the Board, meaning we have no such claim available for our review. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) ("We have regularly stated and applied the important principle that a position not presented in the tribunal under review will not be considered

---

[1]    To the extent Mr. Pride asserts that a finding of service connection for PTSD should suffice to justify a finding of service connection for his schizophrenia diagnosis, we find no support for such a logical leap in the record.

on appeal in the absence of exceptional circumstances."). We therefore affirm the Veterans Court's conclusion that it lacked jurisdiction over this claim. *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002) ("[E]ach 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it.").

### III. CONCLUSION

We have considered the remainder of Mr. Pride's arguments and find them unpersuasive. For the reasons discussed above, we lack jurisdiction over whether Mr. Pride presented "new and material evidence" sufficient to reopen his 1987 schizophrenia service connection claim and find that the Veterans Court properly dismissed Mr. Pride's CUE claim for lack of jurisdiction. We accordingly *dismiss in part* and *affirm in part*.

### DISMISSED IN PART AND AFFIRMED IN PART

### COSTS

No costs.